# UNITED STATES COURT OF APPEALS
## FOR THE EIGHTH CIRCUIT

No. 04-3771

Euka Wadlington,

    Apppellant,

vs.

United States of America,

    Appellee.

Appeal from the United States District Court for the Southern District of Iowa

3:98CR242

**JUDGMENT**

This appeal from the United States District Court was submitted on the record of the district court, briefs of the parties and was argued by counsel.

After consideration, it is hereby ordered and adjudged that the judgment of the district court in this cause is affirmed in accordance with the opinion of this Court.

(5172-010199)

November 14, 2005

Order Entered in Accordance with Opinion:

*Michael E. Gans*

Clerk, U.S. Court of Appeals, Eighth Circuit.

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: *Michael E. Gans*

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 04-3771

Euka Wadlington,

    Appellant,

v.

United States of America,

    Appellee.

Appeal from the United States
District Court for the
Southern District of Iowa.

Submitted: September 12, 2005
Filed: November 14, 2005

Before RILEY, LAY, and FAGG, Circuit Judges.

RILEY, Circuit Judge.

    Euka Wadlington (Wadlington) was sentenced to life imprisonment for conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine, and for attempted distribution of crack cocaine. On appeal, this court affirmed the conviction and sentence. United States v. Wadlington, 233 F.3d 1067, 1072 (8th Cir. 2000). Wadlington then filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The district court[1] denied the motion. Wadlington appeals, arguing (1) he is actually innocent, and (2) his sentence is

---

[1] The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

invalid under Apprendi v. New Jersey, 530 U.S. 466 (2000). We affirm the section 2255 motion denial.

I. BACKGROUND

A. Wadlington's Trial and Direct Appeal

Because the facts of this case are set forth in an earlier opinion addressing Wadlington's direct appeal, see Wadlington, 233 F.3d at 1072-73, we only summarize them here. Wadlington was indicted for conspiracy to distribute and possess with intent to distribute cocaine and crack cocaine, and for attempted distribution of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1). At trial, the government argued that from 1990 to 1998 Wadlington was the leader of a drug organization supplying cocaine and crack cocaine to individuals in Clinton, Iowa. Over ten government witnesses related similar accounts of buying or receiving drugs from Wadlington, selling those drugs and giving Wadlington the proceeds, observing Wadlington sell drugs to others, transporting drugs in laundry detergent boxes from Chicago to Clinton for Wadlington, and watching Wadlington cook crack cocaine and distribute it to others for sale.

The jury also heard evidence concerning Wadlington's attempted distribution of crack cocaine in late 1998. Mark Thomas (Thomas), a government informant, testified he made several recorded telephone calls to Wadlington and introduced him to an undercover agent posing as a drug dealer. During conversations with the agent, Wadlington admitted he had been dealing drugs with Thomas for ten years. Thomas arranged for Wadlington to sell one kilogram of cocaine to the agent. On November 13, 1998, Wadlington arrived as planned at a hotel to meet the agent for delivery of the drugs, and he was arrested. No drugs were found during a search of Wadlington's person or vehicle. Following Wadlington's arrest, he remarked some of his acquaintances "must be talking," and asked, "Is Mark Thomas in custody, or is he working with you also?"

The jury found Wadlington guilty of both the conspiracy to distribute and attempted distribution charges. Wadlington was sentenced to life imprisonment and 10 years' supervised release for each count, to be served concurrently. Following an unsuccessful direct appeal, Wadlington petitioned this court for rehearing, arguing for the first time his sentence was invalid under <u>Apprendi</u>, because a specific threshold drug quantity was neither alleged in the indictment nor proven to the jury beyond a reasonable doubt. We denied the petition for rehearing.

### B.    Wadlington's Section 2255 Motion

Wadlington then filed his motion pursuant to 28 U.S.C. § 2255, asserting six grounds for relief, claiming, *inter alia*, (1) he is actually innocent of the crimes charged, and (2) his sentence was imposed in violation of <u>Apprendi</u>. Wadlington later supplemented his motion with affidavits from four individuals: Terrance Hood (Hood), Romaine Dukes (Dukes), Charles McMasters (McMasters), and Jesse Puckett (Puckett). Wadlington argued the affidavits constituted newly discovered evidence supporting his claim of actual innocence. The affidavits of Hood, Dukes, and McMasters attempt to discredit the trial testimony of Hood and Tyrone Redmond (Redmond), whereas Puckett's affidavit speaks to Wadlington's lack of involvement with drugs after Wadlington's release from jail in the early 1990s.

At trial, Hood testified about Wadlington's leadership role in the Clinton conspiracy. Hood identified other conspiracy members and testified he observed Wadlington cook crack cocaine at the homes of female acquaintances in Clinton and remove cocaine from a detergent box. Hood also testified (1) Wadlington supplied him and others with drugs for resale, and (2) Hood began selling drugs for Wadlington at the age of fourteen. Hood also testified being physically abused and electrically shocked by Wadlington for making mistakes with the drug money. In contrast to his trial testimony, Hood's affidavit states Wadlington never supplied him with drugs or physically abused him. Hood also claims his false accusations at trial

-3-

were coerced by government agents who told him he could avoid a life sentence only by implicating Wadlington.

The affidavits of Dukes and McMasters both attack Redmond's trial testimony. At trial, Redmond testified he first began selling cocaine through Wadlington, and repeatedly transported drugs from Chicago to Clinton for Wadlington, in exchange for money. Dukes's affidavit alleges that between August 1999 and April 2001, while Dukes and Redmond were incarcerated in federal prison, Dukes confronted Redmond for testifying against Wadlington and said Redmond knew Wadlington was not involved in the Clinton drug conspiracy. According to Dukes's affidavit, Redmond denied testifying against Wadlington. Similarly, McMasters's affidavit alleges that in early 1999 Redmond stated the government wanted information about Wadlington, and Redmond and McMasters could get a reduction in their sentences if they made something up about Wadlington.

The district court denied Wadlington's motion. In rejecting Hood's affidavit, the court noted recantations are "viewed with suspicion" and found no evidence the government knew or should have known Hood's trial testimony was false. The court further held Puckett's affidavit did not constitute new information, reasoning Wadlington failed to explain why Puckett's testimony could not have been presented at trial. Finally, the court concluded the affidavits of Puckett, Dukes, and McMasters did "little to diminish other evidence at trial linking Wadlington to the drug conspiracy." Thus, the court held Wadlington failed to demonstrate his actual innocence. With regard to Wadlington's Apprendi claim, the court ruled Wadlington's sentence was not unconstitutional because the rule announced in Blakely v. Washington, 542 U.S. 296 (2004), which applied Apprendi, was not a watershed rule of criminal procedure and thus did not apply to cases on collateral review.

Following its denial of Wadlington's petition, the district court granted Wadlington's request for a certificate of appealability on (1) whether Wadlington is actually innocent, and (2) whether Blakely applies to cases brought under 28 U.S.C. § 2255.

## II. DISCUSSION
### A. Actual Innocence Claim

We review de novo the district court's denial of Wadlington's section 2255 motion and will affirm if the motion, files, and record conclusively show Wadlington is not entitled to relief. See Von Kahl v. United States, 242 F.3d 783, 787 (8th Cir. 2001). An actual innocence claim is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Schlup v. Delo, 513 U.S. 298, 315 (1995) (quotation omitted). To establish a valid claim of actual innocence, Wadlington must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial," and demonstrate "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Id. at 324, 327. This standard is strict; a party generally cannot demonstrate actual innocence where there is sufficient evidence to support a conviction. See Johnson v. United States, 278 F.3d 839, 844 (8th Cir. 2002) (quoting McNeal v. United States, 249 F.3d 747, 749-50 (8th Cir. 2001)).

Wadlington urges this court to apply a modified test, set forth in English v. United States, 998 F.2d 609, 611 (8th Cir. 1993), given "the newly discovered evidence involves a claim of perjury by prosecution witnesses." Under this test, Wadlington must "prove any reasonable likelihood that the false testimony could have affected the judgment of the jury." Id. (citations omitted). Before we may employ this relaxed standard, however, Wadlington must show (1) the testimony was in fact perjured, and (2) the prosecutor knew or should have known of the perjury at the time the testimony was presented. Id. (citation omitted). Because we conclude

Wadlington fails to establish his right to relief under either standard, we affirm the district court.

Applying the strict standard, we conclude Wadlington has failed to demonstrate his actual innocence. First, the four witness affidavits do not entitle Wadlington to appellate review of his otherwise barred claims. With regard to Hood's affidavit, we agree with the district court that recantations of testimony generally are viewed with suspicion. See United States v. Provost, 969 F.2d 617, 619 (8th Cir. 1992).[2] Furthermore, Hood's affidavit does not establish Wadlington's actual innocence. The affidavit does not recant Hood's entire trial testimony; rather, it leaves intact Hood's testimony on Wadlington's possession of drugs, and the identity and involvement of other conspiracy members. Additionally, although relevant and material, Hood's testimony was not central to Wadlington's conviction. See Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005). Multiple witnesses testified at trial and corroborated Hood's testimony regarding Wadlington's criminal activities. Wadlington's own statements to law enforcement further corroborated Hood's testimony and supported the convictions.

For similar reasons, we conclude Wadlington's remaining affidavits, two of which attack the trial testimony of Redmond, do not constitute "new reliable evidence" making it "more likely than not that no reasonable juror would have convicted [Wadlington]." Schlup, 513 U.S. at 324, 327. With regard to Dukes's affidavit, we agree with the district court there may be a number of reasons why Redmond allegedly denied testifying against Wadlington, none of which would bear

---

[2]While the district court based its rejection of Hood's affidavit in part on its recollection of Hood's testimony five years earlier, the court's failure to hold an evidentiary hearing to evaluate Hood's new testimony was not an abuse of discretion. See Etheridge v. United States, 241 F.3d 619, 622 (8th Cir. 2001) (standard of review). An evidentiary hearing is not necessary where, as in this case, the district judge observed the demeanor and credibility of the witness at trial or is otherwise thoroughly familiar with the record of the case. See Provost, 969 F.2d at 619.

on Wadlington's actual innocence. Finally, McMasters's affidavit regarding Redmond's testimony is, at best, impeachment evidence and does not exonerate Wadlington. Together, the affidavits simply do not extinguish the abundance of other evidence linking Wadlington to the Clinton drug conspiracy.

Wadlington fares no better under the modified test. Even if Wadlington could demonstrate Hood's and Redmond's trial testimony were perjured–a claim rejected by the district court and a conclusion we also are hesitant to reach–Wadlington does not demonstrate the government knew or should have known of the alleged perjury at the time the testimony was presented. Because Wadlington fails to establish his actual innocence, we affirm the district court on this issue.

### B. Apprendi and Blakely Claim

Wadlington next argues his life sentence violates both Apprendi and Blakely because the district court's findings of drug quantity were not charged in the indictment or submitted to the jury and proven beyond a reasonable doubt, and the district court erred by increasing Wadlington's sentence to life imprisonment based upon its findings. While Wadlington's direct appeal was pending, the Supreme Court announced its decision in Apprendi.[3] Wadlington first raised his Apprendi claim in a petition for rehearing to this court and again on a petition for writ of certiorari to the Supreme Court, both of which were denied. Wadlington reasserted his Apprendi claim on collateral review in his section 2255 motion. The district court refused to consider Wadlington's argument, stating Apprendi was not applicable to cases on collateral review. Wadlington now argues the district court erred because Apprendi was decided before his case was "final" and the court thus was required to apply Apprendi's holding retroactively to his case. See Griffith v. Kentucky, 479 U.S. 314,

---

[3]Wadlington's direct appeal was submitted to this court on May 9, 2000, and Wadlington's conviction and sentence were affirmed on December 1, 2000. Wadlington, 233 F.3d at 1072. In the interim, the Supreme Court announced its Apprendi decision on June 26, 2000.

328 (1987) (holding a new rule for conducting criminal prosecutions must be applied retroactively to all cases "pending on direct review or not yet final"); United States v. Ross, 279 F.3d 600, 608 (8th Cir. 2002) (same).

While the chronology of Wadlington's direct appeal and Apprendi complicates this claim of error to some degree, we conclude the district court should have considered Wadlington's Apprendi claim, given Wadlington's case was "not yet final" when Apprendi was announced. Apprendi was decided nearly six months before this court announced its decision in Wadlington's direct appeal, and the Apprendi rule should have been applied retroactively to Wadlington's case. Supra n.3. See, e.g., United States v. Cotton, 535 U.S. 625 (2002). We thus proceed to review Wadlington's claimed error. Wadlington concedes this issue was not preserved during sentencing, and we agree.[4] Therefore, we review for plain error. See Diaz, 296 F.3d at 683.

Before we may correct an error not raised below, "there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, [we] may then exercise [our] discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Johnson v. United States, 520 U.S. 461, 466-67 (1997); see also Pirani, 406 F.3d at 550. Here, the district court committed error by imposing a sentence greater than the maximum of twenty years authorized by the facts found by the jury, and "the error is plain, that is, clear or obvious, at this time." Id.; see, e.g., Johnson, 520 U.S. at 468 ("[W]here the law at the time of trial was settled and clearly contrary to the law at the time of appeal[,] it is enough that an error be 'plain' at the

---

[4]During sentencing, Wadlington only challenged the reliability of the government's evidence relating to drug quantities attributable to him. Such "a sufficiency-of-proof objection [does] not preserve a claim of Apprendi error." United States v. Pirani, 406 F.3d 543, 550 (8th Cir. 2005) (en banc) (citing United States v. Diaz, 296 F.3d 680, 683 n.4 (8th Cir. 2002)).

-8-

time of appellate consideration."). Having satisfied the first two elements, we proceed to apply the remainder of this standard of review.

In Cotton, the Supreme Court analyzed whether the indictment's failure to include any allegation regarding drug quantities was plain error in violation of Apprendi. Cotton, 535 U.S. at 631-32. Skipping to the final prong of the plain-error test, the Court held "even assuming [the defendants'] substantial rights were affected, the error did not seriously affect the fairness, integrity, or public reputation of judicial proceedings," given the existence of "overwhelming" evidence regarding the conspiracy's involvement with the calculated drug quantity. Id. at 632-33.

We reach a similar conclusion in this case. Here, the evidence presented at trial overwhelmingly supported the district court's adoption of the presentence investigation report's conclusion that Wadlington was responsible for transacting more than eighteen kilograms of cocaine with regard to the conspiracy charge. Furthermore, Wadlington received a life sentence for the attempted distribution conviction, to be served concurrently with his life sentence for the conspiracy charge. Thus, even if we were to accept Wadlington's Apprendi argument with respect to the conspiracy conviction, his life sentence on the attempted distribution conviction would remain unchanged. See United States v. Blade, 336 F.3d 754, 757 (8th Cir. 2003) (holding indictment's failure to allege minimum drug amounts did not affect the fairness, integrity, or public reputation of the judicial proceedings given the overwhelming evidence of drug quantity and existence of additional life sentences). Because the district court's error does not seriously affect the fairness, integrity, or public reputation of the judicial proceedings, Wadlington is not entitled to resentencing.

## III. CONCLUSION

Accordingly, we affirm the district court's denial of Wadlington's section 2255 motion.

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michell E. Gans